# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS LINER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3698** |
| **TERMINIX PEST CONTROL, INC.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion in Limine (Doc. 69) and Defendant's Motions in Limine (Doc. 70). For the following reasons, the Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE** and Defendant's Motions are **GRANTED**.

### BACKGROUND

This case arises out of Plaintiffs Louis Liner and Gregg Smith's termination from their employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment. This notice had exceptions, including "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiffs' Amended Complaint alleges that they told Defendant they did not want to receive the vaccine because it would violate their religious beliefs to receive a vaccine derived from aborted fetal cell lines. Additionally, Plaintiff Liner provided paperwork evidencing that he "had a disability stemming from a documented family history of blood

---

[1] Doc. 16-1 at 1.

clotting and myocarditis" that allegedly prevented him from safely receiving the vaccine.[2] Plaintiff Smith stated that "he could not give Informed Consent because he was afraid to take the Covid-19 vaccines due to fear of long-term adverse effects in light of his asthma."[3] Both Plaintiffs allege that Defendant refused their requested accommodations without explaining how granting them such accommodations would result in undue hardship to the business. Plaintiffs refused to receive the COVID-19 vaccination. Plaintiff Smith was termination on August 25, 2021, and Plaintiff Liner was terminated on September 14, 2021.

Plaintiffs each filed suit in this court on October 6, 2022, alleging violations of the Emergency Use Authorization Provision,[4] Title VII,[5] the ADA,[6] and the Louisiana Employment Discrimination Law ("LEDL").[7] The Court dismissed all but the Title VII claims for both Plaintiffs, who moved to consolidate their cases into the above-captioned matter. This Court ordered that the cases be consolidated on October 10, 2024. A jury trial in this matter is set to begin Tuesday, February 18, 2025.

In anticipation of trial, Plaintiff filed a Motion in Limine requesting that the Court "exclude any testimonial or documentary evidence regarding alleged discussions between undersigned counsel and Plaintiffs at a *We the People* meeting."[8] Defendant opposes.[9] Defendant filed an unopposed Motions in Limine wherein it asks the Court to not permit Plaintiffs to (1) introduce any evidence, elicit any testimony, claim and/or imply that Plaintiffs' experienced

---

[2] Doc. 16 at 7.
[3] No. 22-3701, Doc. 1 at 3.
[4] 21 U.S.C. § 360bbb-3.
[5] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.
[6] 42 U.S.C. § 12101.
[7] LA. REV. STAT. § 23:301.
[8] Doc. 69-1.
[9] Doc. 72.

a hostile work environment; (2) introduce medical expert testimony with respect to the COVID-19 vaccinations and any potential accommodations; and (3) argue and/or imply that they are exempt from the notice requirement to establish their *prima facie* case. The Court considers each motion in turn.

## LEGAL STANDARD

"The essential prerequisite of admissibility is relevance."[10] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action."[11] Whether a fact is of consequence is a question governed by the substantive law applicable to the case.[12] "A district court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury.'"[13] Because Rule 403 "is an extraordinary measure [that] permits a trial court to exclude concededly probative evidence . . . it should be used sparingly."[14]

## LAW AND ANALYSIS

1. **Plaintiffs' Motion in Limine to Exclude Any Testimonial or Documentary Evidence regarding Alleged Discussions at a *We the People* Meeting**

Plaintiffs move this Court to exclude any testimonial or documentary evidence regarding alleged discussion between their counsel and themselves that occurred at a *We the People* meeting, arguing that it is not relevant.

---

[10] United States v. Hall, 653 F.3d 1002, 1005 (5th Cir. 1981).
[11] FED. R. EVID. 401.
[12] *Hall*, 653 F.2d at 1005.
[13] Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 882 (5th Cir. 2013) (alterations in original) (quoting Fed. R. Evid. 403).
[14] Shepherd v. Dall. Cnty., 591 F.3d 445, 456–57 (5th Cir. 2009) (first alteration in original) (internal quotation marks and citation omitted).

Defendant responds that because the instant Title VII case involves allegations of discrimination against Plaintiffs for their deeply held religious beliefs, and the organization at issue can be "construed as a political organization which encourages lobbying against COVID-19 vaccine mandates," the evidence at issue would be relevant. Defendant also asserts that it can put forth evidence that relates to Plaintiffs' motives for filing the instant suit, which it believes this evidence does.

The Court grants the motion to the extent that any conversations between Plaintiffs' counsel and either Plaintiff Liner or Smith that occurred at the *We the People* meeting in question are protected by attorney-client privilege. The Court notes that it is unclear what precise testimony or documentary evidence Plaintiffs are seeking to exclude in their vague request. A private conversation between Plaintiffs' counsel and either Plaintiff about representation is different than a conversation about the COVID-19 vaccination generally or one held within earshot of other meeting attendees, for example. Accordingly, Plaintiff's Motion is **GRANTED IN PART** to the extent that the testimony or documentary evidence is covered by attorney-client privilege and **DENIED IN PART WITHOUT PREJUDICE** as to all else that may be encompassed by the Motion, with the right to be raised at trial.

### 2. Defendant's Unopposed Motion in Limine regarding Hostile Work Environment Evidence

Defendant moves this Court to not permit Plaintiffs to introduce any evidence, elicit any testimony, claim and/or imply that Plaintiffs' experienced a hostile work environment because it is outside the scope of their pleadings. Plaintiffs do not oppose.

Plaintiffs do not contend in any of their pleadings that they experienced a hostile work environment while employed by Defendant. The Court find that

4

evidence that suggests Defendant Terminix's business was "permeated with discriminatory, intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" would be highly prejudicial to the jury. Accordingly, Defendant's Motion is **GRANTED**.

### 3. Defendant's Unopposed Motion in Limine regarding Medical Expert Testimony

Defendant moves this Court to not allow Plaintiffs to introduce medical expert testimony that would otherwise be subject to Federal Rules of Evidence 702 and 703 with respect to the COVID-19 vaccinations and any potential accommodations. Plaintiffs do not oppose.

Per the Court's Scheduling Order in the instant case, "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[15] Plaintiffs have not provided written reports of experts or expert disclosures as of today. Accordingly, Defendant's Motion is **GRANTED**.

### 4. Defendant's Unopposed Motion in Limine regarding Notice Requirement

Defendant moves this Court to not allow Plaintiffs to argue and/or imply that they are exempt from the notice requirement to establish their *prima facie* case. Plaintiff does not oppose.

In this case,

> [t]he court uses a burden-shifting framework to analyze a claim for failure to accommodate a religious observance. The employee must establish a prima facie case of religious discrimination by alleging that "(1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) *her employer was informed of her belief*, and (4) she suffered an adverse employment action for failing to comply with the

---

[15] Doc. 28 at 3.

5

conflicting employment requirement." If she establishes a prima facie case, the burden shifts to the employer "[t]o demonstrate either that it reasonably accommodated the employee, or that it was unable to reasonably accommodate the employee's needs without undue hardship."[16]

This standard clearly requires that plaintiffs in a Title VII action for religious discrimination demonstrate their employer had notice about their religious beliefs prior to any alleged violation. Accordingly, Defendant's Motion is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion in Limine is **DENIED WITHOUT PREJUDICE** with the right to be raised at trial, and Defendant's Motions in Limine are **GRANTED**.

New Orleans, Louisiana this 10th day of February, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] Troulliet v. Gray Media Grp., Inc., No. CV 22-5256, 2023 WL 2894707, at *4 (E.D. La. Apr. 11, 2023) (emphasis added) (internal citations omitted).