UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUIS LINER | * | CIVIL ACTION 2:22-cv-03698 and |
| | * | 2:22-cv-3701 |
| VERSUS | * | APPLIES TO BOTH CASES |
| | * | |
| TERMINIX PEST CONTROL, INC. | * | SECTION H |
| | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| | * | MAG. KAREN WELLS ROBY |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM IN SUPPORT OF MOTION FOR DETERMINATION OF ATTORNEY'S FEES AND EXPERT EXPENSES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Louis Liner and Gregg Smith (hereinafter "Plaintiffs"), who, pursuant to Federal Rule of Civil Procedure 54(d)(2), respectfully move this Court for a determination of attorney's fees and expert expenses pursuant to this Court's Order and Reasons (Doc 94) awarding same. For the reasons set forth below, as supported by the attached exhibits and Verification, Plaintiffs seek attorneys' fees in the amount of $158,925.00 and expert expenses in the amount of $21,290.00, for a total award of $180,215.00 in attorney's fees and expert expenses.

**Litigation Background**

On October 6, 2022, Plaintiffs commenced separate Title VII religious discrimination actions against Defendant, Terminix Pest Control, Inc. (Doc 1) Two years later, on October 9, 2024, the two actions were consolidated under *Liner v. Terminix Pest Control*, 2:22-cv-3698. (Doc 37) The consolidated actions were tried on February 18, 19, and 20, 2024, resulting in jury verdicts in favor of the plaintiffs for a combined total of $795,000. (Doc 89, 90) On March 5, 2025,

Terminix filed a Motion for Judgment as a Matter of Law and Mistrial. (Doc 92) On July 15, 2025,

Judge Jane Triche Milazzo issued an Order and Reasons (Doc 94) granting in part and denying in

part the Motion for Judgment as a Matter of Law, denying mistrial and entering judgment in favor

of Louis Liner for $125,000 and Gregg Smith for $85,000, after setting aside punitive damages

and reducing the compensatory damages award to the Title VII cap on compensatory damages of

$50,000 for employers, such as Defendant, with less than 100 employees. (On July 18, 2025, Judge

Milazzo issued an Amended Order and Reasons to add language awarding Gregg Smith pre-

judgment interest on his back pay damages.)(Doc 95) The court's Judgment was issued on July

18, 2025. (Doc 96)

> In addition, Judge Milazzo awarded attorney's fees and expert expenses as follows:

> > The Court awards Plaintiff reasonable attorneys' fees and expert witness fees in an amount to be determined by the assigned Magistrate Judge. Plaintiff shall file a motion for determination of attorneys' fees and expert witness fees with supporting documentation, by no later than 14 days from the date of this Order.

**Documentation of Expert Expenses and Attorney's Fees**

The supporting documentation required by the court for expert fee expenses is attached as

Exhibit A in the form of paid invoices to Bourgeois Bennett CPA firm, which employs Plaintiffs'

expert economist, Philip Monteleone, who consulted on the case, performed calculations and

analysis, issued an expert report, and testified at trial. Exhibit A contains detailed time entries and

the associated rates charged by Mr. Monteleone and his staff and proof of payment made to Mr.

Monteleone's employer for his charges of $21,290.00.

The supporting documentation required by the court for attorney's fees is attached in the

form of detailed legal billing invoices in both the *Smith v. Terminix Pest Control*, 2:24-cv-3701,

case and the *Liner v. Terminix Pest Control*, 2:22-cv-3698, case. The *Smith* invoice contains only

time entries up to consolidation of the two cases on October 9, 2025. Thereafter, all time entries

for the *Smith* case are included on the *Liner* invoice to prevent duplication of time entries. Attached

as Exhibit B is the invoice on the *Smith* case. Attached as Exhibit C is the invoice on the *Liner*

case. The invoices are verified by the attached Verification by undersigned counsel.

### Plaintiffs are Entitled to a Fully Compensatory Fee Award

A fully compensatory fee award is necessary not only for Plaintiffs' own interests, but for

the public interest. Statutory fee shifting provisions are essential to the vindication of important

civil rights. *Student Pub. Interest Research Group of New Jersey v. AT&T Bell Labs,* 842 F.2d

1436, 1449-50, n.13 (3d Cir. 1988); *City of Riverside v Rivera*, 477 U.S. 561, 576 (1986).

Reimbursement of fees is vital to attracting dedicated and talented attorneys to pursue what are

often difficult cases with relatively modest potential recoveries (due to the imposition of statutory

caps on compensatory damages) on behalf of individuals against defendants with resources

sufficient to fund a vigorous and lengthy litigation. *Student Pub. Interest Research Group*, 842

F.2d at 1449-50, n.13; *see also Rivera*, 477 U.S. at 576.

As set forth below, the hours expended by, and the hourly rate for, David Schexnaydre in

achieving this verdict are reasonable, and so were the costs.

### The Fees Sought by Plaintiffs Are Reasonable, Because the Work Was Reasonable, and the Hourly Rate Was Reasonable

The Supreme Court has held that "the most useful starting point for determining the amount

of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The result of that basic

equation (referred to as the "lodestar") is strongly presumed to yield a reasonable fee. *City of*

*Burlington v. Dague*, 505 U.S. 557, 562 (1992). The "community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity, rather than the firm's billing rate, is the appropriate hourly rate for computing the lodestar." *Student Pub. Interest Research Grp. of N.J., Inc. v. AT&T Bell Labs.,* 842 F.2d 1436, 1450 (3d Cir. 1988)). The party seeking attorneys' fees bears the burden of proving that its request for attorneys' fees is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990), by submitting evidence of the hours worked, including time spent during administrative proceedings, *Sullivan v. Hudson*, 490 U.S. 877, 889-90 (1989), and evidence of the prevailing market billing rate. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). Here, Plaintiffs seek reimbursement of their reasonable attorneys' fees as determined by the lodestar calculation of: hours reasonably worked by their attorney to achieve the result multiplied by a reasonable hourly rate.

**Plaintiffs' Attorney Worked a Reasonable Number of Hours**

The details of the work by Plaintiffs' counsel are set forth in itemized, contemporaneous and sometimes annotated time records which are attached as Exhibits B and C. *Plaintiffs' counsel seeks payment only for work that was necessary to winning the Title VII claim.* While some of counsel's work on the dismissed claims was inextricably intertwined, both factually and legally, with the Title VII claim, it was an overlap that ended quickly as the non-Title VII claims were dismissed on a Rule 12(b)(6) motion at the beginning stage of the litigation. But since all of the causes of action arose out of the same set of facts, the time entries are fully compensable.[1] To the

---

[1]*Hensley*, 461 U.S. at 434-35. To be "discrete," claims must be based on "different facts and legal theories," as opposed to a "common core of facts." *Id.*; *Quaratino v. Tiffany & Co.*, 166 F.3d 422 (2nd Cir. 1998)(no apportionment for causes of action that were inextricably intertwined, so all of the plaintiffs' time was compensable); *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

extent any of Plaintiffs' counsel's work pertained solely to the dismissed claims and did not support the Title VII claim, counsel has removed those charges from his billing records, a removal that in some places in the records is so noted. In determining the number of hours reasonably expended on the Title VII litigation, Plaintiff is entitled to be compensated for work that is "useful and of a type ordinarily necessary" to secure the final result obtained. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 556 (1986). "In determining what hours are reasonably expended on the suit, the most critical factor is the degree of success obtained." *Tomasso v. Boeing Co.,* 2007 U.S. Dist. LEXIS 70001, at *11 (E.D. Pa. Sept. 21, 2007) (internal citations omitted). In a case where a civil rights plaintiff presents multiple claims for relief involving a common core of facts and related legal theories, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Wexler v. Hawkins*, 2024 U.S. Dist. LEXIS 132153 *13-14 (E.D. Pa. July 25, 2024).

Plaintiffs' success in securing judgment on their Title VII claims is an excellent result by any measure. The money damages obtained awarded by the jury, nearly $800,000, signifies the seriousness of the actions of the parties and the damages sustained. It is only due to statutory curtailments on monetary damages in Title VII cases that the Plaintiffs are having to take much less. But that lower amount does not accurately reflect the "size" of the case. It is precisely because of these statutory caps that Congress wanted there to be an incentive for attorneys to take these cases. Contingency fees do not work because of the drastic statutory reductions. Hourly rates paid by the client also do not work because the attorney's fees would consume most if not all of most awards. But fee shifting statutes achieve the goal of attorney representation if the attorney's fees

are paid in full and not reduced because of a comparison of the fees to the statutorily reduced damages awards.

As supported by the attached invoices, Plaintiffs' counsel worked 427.50 hours on the two cases, combined. At an hourly rate of $375, the total attorney's fee award is $180,215.00. (A standard 40% contingency fee on the jury's award of $795,000 would have been $318,000.)

All of this work was reasonable and necessary for getting Plaintiffs' cases investigated, discovered, prepared for trial, and tried, a trial at which Plaintiffs were represented by a solo lawyer while Defendant had three lawyers to represent it at trial. Undersigned counsel's hourly rate is most certainly lower than the combined rate of the three defense attorneys.

**Plaintiffs' Counsel's Hourly Rate is Reasonable**

Plaintiffs' counsel hourly rate of $375.00 is more than reasonable when his hourly rate for handling vaccine injury claims in the Court of Federal Claims is $475.00 per hour. (See Exhibit D, redacted to protect the identity of the client.) Additionally, in the related case of *Chauvin v. Terminix Pest Control*, 2:22-cv-03673 (see Doc 32 in that litigation), Judge Milazzo used an hourly rate of $325 for Terminix's counsel Ravi Sangisetty, who has about 19 years of experience practicing law. Using $375 for undersigned counsel is more than reasonable considering his 34 years of experience in civil litigation, his more than 12 years of experience handling vaccine injury cases, and his experience as one of the nation's leading vaccine mandate attorneys, representing over 600 plaintiffs in 11 district courts and six federal appeals circuits.

## CONCLUSION

Plaintiffs obtained a resounding victory in a challenging, hard-fought case. Prevailing on a civil rights claim, and securing a verdict, is a difficult challenge that few plaintiffs' firms will take

on. Plaintiffs' counsel did what was necessary to win this case and should be fully compensated for his efforts in securing this meaningful, important, and excellent result for his clients in this civil rights action. The hours expended to do so were reasonable and the hourly rate requested is reasonable.

**WHEREFORE,** for the reasons set forth above, Plaintiffs respectfully request that the Court award them $180,215.00 in attorney fees and $21,290.00 in expert expenses.

Respectfully submitted,

**SCHEXNAYDRE LAW FIRM**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 24th day of July, 2025, I presented the foregoing pleading to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

  */s/ David J. Schexnaydre*
DAVID J. SCHEXNAYDRE

BY:   */s/ David J. Schexnaydre*
DAVID J. SCHEXNAYDRE, T.A.
Louisiana Bar Number 21073
2895 Highway 190 • Suite 212
Mandeville, Louisiana 70471
Telephone: (985) 292-2020
Fax: (985) 235-1089
Email: david@schexnaydre.com
Counsel for Plaintiff

7